**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **RODNEY RODELL MCCAIN,** | * |  |
|  | * |  |
| Petitioner | * |  |
|  | * | Civil Action No. RWT 07-2434 |
|  | * | Criminal Action No. RWT 05-591 |
|  | * |  |
| **UNITED STATES OF AMERICA**, | * |  |
|  | * |  |
| Respondent | * |  |
|  | * |  |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Rodney Rodell McCain's Motion to Vacate Under 28 U.S.C. § 2255.  [Paper No. 22].  For the reasons that follow, the Court will deny the motion.

**I.**

Petitioner Rodney Rodell McCain was charged in a three-count indictment with one count each of (1) possession with intent to distribute 5 grams or more of cocaine base; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) possession of a firearm by a felon.[1] McCain requested a pre-plea investigation, which was conducted by the United States Probation and Pretrial Services Office and a report was issued on February 14, 2006.  On August 11, 2006, McCain entered a guilty plea, pursuant to his written plea agreement, to the first and third counts.

The parties stipulated to the following facts in the plea agreement signed by McCain.  On November 30, 2005, in Forestville, Maryland, Charles Pinkney agreed to sell $40 worth of cocaine

---

[1]  Respectively, the citations for the counts charged are: 21 U.S.C. § 841, 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g).

base to an undercover detective and Pinkney called McCain, who was his source for the cocaine base. Shortly thereafter, McCain arrived at the location and exchanged 0.7 grams of cocaine base[2] for the $40 provided by the undercover detective to Pinkney. Then, McCain drove away and Pinkney gave the cocaine base to the undercover detective. Prince George's County police officers followed McCain to a parking lot in Forestville, Maryland where they arrested and searched him. The officers recovered from McCain's person: $40 in pre-recorded money that was used by the undercover detective to purchase the cocaine base; 28 grams of cocaine base that was packaged in 12 baggies; and approximately $3,197 in cash. At the time of his arrest, McCain was wearing a waist holster that held a .38 caliber revolver loaded with six rounds of ammunition. In the plea agreement, the parties stipulated to McCain's criminal history and also that his civil rights, including his right to possess a firearm, had not been restored at the time of the plea agreement.[3]

On September 14, 2006, the Court sentenced McCain to 200 months of incarceration. McCain did not file a direct appeal. He timely filed his motion to correct his sentence under 28

---

[2]   The terms "cocaine base" and "crack cocaine" are used interchangeably to refer to the same rock crystal version of cocaine that is heated so that its users may smoke its vapors. U.S. Drug Enforcement Administration, *Cocaine* (August 2006), http://www.usdoj.gov/dea/concern/cocaine.html (explaining the various delivery mechanisms that a cocaine user may choose to employ) (last accessed 11/26/2008).

[3]   Specifically, that McCain had been convicted of possession with intent to distribute phencyclidine in Prince George's County, Maryland, in 1990 and was sentenced to incarceration for five years, with all but 18 months suspended that was followed by 2 years of supervised probation. Probation was "terminated unsatisfactorily" in 1992 after a probation violation hearing. McCain was also convicted of conspiracy to distribute cocaine in Prince George's County in 1992 and sentenced to 5 years' incarceration, which was later reduced. But after a probation violation hearing in 1996, probation was again "terminated unsatisfactorily." In 2003, McCain was convicted of distribution of cocaine in Prince George's County, Maryland, and sentenced to 10 years, with all but 3 years suspended.

U.S.C. § 2255 on September 14, 2007.  In it, McCain alleges that his trial counsel rendered ineffective assistance because (1) he failed to challenge McCain's status as an armed career criminal; (2) he failed to challenge one of McCain's state convictions, which resulted in a greater sentence for McCain in this case; and (3) he failed to the argue that the cocaine base recovered from McCain's person at the time of arrest was for personal use, not distribution.

## II.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test to evaluate claims of ineffective assistance of counsel.  Under this test, the petitioner must show that (1) counsel's performance was deficient, i.e., that counsel made errors that were so serious that the counsel was not acting as the "counsel" guaranteed by the Sixth Amendment; and (2) that the errors made by counsel prejudiced at the defense.  *Id.* at 687.

In order to prove ineffective assistance of counsel, McCain must show that his attorney's representation "fell below an objective standard of reasonableness" and must identify specific acts or omissions.  *Id.* at 687-88, 690.  The defendant must overcome the Court's strong presumption that the attorney's conduct feel within the "wide range of reasonable professional assistance."  *Id.* at 689.

**A.      Trial Counsel's Failure to Challenge McCain's Status as an Armed Career Criminal**

An armed career criminal ("ACC") is defined as a "person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute provides for a mandatory minimum term of imprisonment of 15 years.  *Id.*  The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of

imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A).

McCain contends that he was convicted of only two predicate state offenses, not the three necessary to qualify him as an ACC and that his trial counsel was ineffective for failing to challenge his categorization as an ACC and therefore that the Court lacked a basis to impose the 15 year mandatory minimum sentence.  This contention is directly contradicted by the stipulated facts in McCain's plea agreement as well as the Presentence Report.  In his motion, McCain does not dispute that his 1990 conviction for possession with intent to distribute PCP and his 2003 conviction for distribution of cocaine are two qualifying predicate offenses for ACC status; he challenges only his 1992 conviction for conspiracy to distribute cocaine as a predicate offense but does not dispute the existence of that conviction on his record or that he stipulated to that in his plea agreement.  The 1992 conviction qualifies as a third predicate offense necessary to qualify McCain for ACC status because Maryland law provides for a maximum 20 year term of imprisonment for conspiracy to distribute cocaine.  *See* Md. Code Ann., Criminal Law, §§ 1-201, 5-602, 5-608; Md. Code Ann. Art. 27 § 287.  McCain has proffered nothing other than his bare allegation that his counsel was ineffective, which does not suffice to meet his burden under § 2255.  *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958) (holding that § 2255 petitioner bears the burden of proving his claims by a preponderance of the evidence); *Martin v. United States*, 395 F. Supp. 2d 326, 328 (D.S.C. 2005) (same).  His trial counsel could not have been ineffective for failing to challenge McCain's status as an ACC, when that status was clearly supported by the factual record before the Court, to which McCain stipulated, and there is no "clear and convincing evidence" to the contrary.  *Fields v. Attorney General of Maryland,* 956 F.2d 1290, 1299 (4th Cir. 1992) (denying petitioner's ineffective assistance of counsel when he had adduced no evidence that his representations at the

4

plea hearing were untruthful or involuntary because "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath at a plea colloquy.").

**B.     Trial Counsel's Failure to Challenge McCain's Prior Maryland Conviction**

McCain also contends that his trial counsel was ineffective for failing to challenge one of his Maryland convictions.  Specifically, he alleges that the sentence he received was longer than the one he expected to receive under the terms of that plea agreement, and that this error increased the number of Criminal History points he received due to this prior conviction and his overall Criminal History category.  Because McCain qualified as a "career offender" under United States Sentencing Guideline § 4B1.1[4] due to his three predicate convictions, his Criminal History category was required to be calculated as a VI.  U.S.S.G. § 4B1.1(b) (mandating that "[a] career offender's criminal history category in every case under this subsection shall be Category VI..").   Thus, irrespective of the number of criminal history points that were added or should have been subtracted due to the one Maryland conviction he challenges, McCain's Criminal History category would remain unchanged as VI due to his status as a career offender as McCain was at least eighteen at the time of the instant offense, which was a controlled substance offense, and he does not challenge the other two predicate "career offender" offenses.  *See* U.S.S.G. § 4B1.1.  Therefore, trial counsel was not ineffective for failing to raise a challenge that would not have changed the sentencing calculation

---

[4] United States Sentencing Guideline § 4B1.1 provides that

a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

in McCain's case and McCain has failed to show the necessary prejudice under *Strickland*.

**C.**     **Trial Counsel's Failure to Challenge the Drugs Seized on McCain's Person as for Personal Use instead of for Distribution**

McCain contends that trial counsel was ineffective for failing to argue that the 28 grams of cocaine that was recovered on his person was for personal use, not for distribution.  He argues that trial counsel's failure to raise this challenge resulted in an Offense Level of 34 instead of 32.

This contention lacks merit.  McCain does not contend that the guilty plea he entered was not knowing or voluntary nor does he dispute any of the factual stipulations he made in the plea agreement, which he adopted and reaffirmed at  his Rule 11 hearing.  Specifically, McCain agreed to and stipulated that the 28 grams of cocaine were "packaged for *distribution* in 12 baggies."  *See Fields v. Attorney General,* 956 F.2d 1290, 1299 (4th Cir. 1992) (holding that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").  Moreover, the inference that the 28 grams of cocaine were for distribution and not personal use is supported by (1)  McCain's claim in the Presentence Report that he stopped using cocaine in 1993, twelve years before his arrest which led to the recovery of this quantity of cocaine; and (2) the circumstances surrounding McCain's arrest (he was arrested for exchanging cocaine for money and found with a large quantity of cocaine in 12 baggies, $3,197 in cash, and a loaded .38 caliber revolver shortly after that exchange) which suggest that the cocaine was packaged for ease of distribution.  Trial counsel was not ineffective for failing to raise a challenge to a factually insupportable claim.

**III.**

For the foregoing reasons, the Court **DENIES** McCain's Motion to Vacate Under 28 U.S.C.

§ 2255 [Paper No. 22].


December 5, 2008                              _____/s/_____
                                             Roger W. Titus
                                             United States District Judge